IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. CASE NO. 2:19-cr-371-ECM |
| | ) | (WO) |
| BONNIE SUE STRICKLAND | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the court is the Defendant's *pro se* motion (doc. 27) wherein she seeks placement in home confinement pursuant to the CARES Act. *See* Coronavirus Aid, Relief, Economic Security Act ("CARES Act"), Pub. L. No. 116-136, enacted on March 27, 2020. "A defendant's request for home confinement under the CARES Act is different than a request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)." *United States v. Grant*, 2020 WL 3899192, *1 (S.D. Ga. July 10, 2020); *United States v. Allen*, 2020 WL 2199626 (S.D. Ga. May 6, 2020) ("[A] request for home confinement under the CARES Act is different than a reduction-in-sentence (RIS) request based upon compassionate release.")  The Defendant seeks release to home confinement so she can self-quarantine. (Doc. 27 at 3).

The decision to release inmates on home confinement rests with the Bureau of Prisons ("BOP"). *See* 18 U.S.C. § 3624(c)(2) (the BOP has the authority "to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months."). The Attorney General, exercising emergency authority granted to him by the CARES Act, expanded the class of inmates that can be considered for home confinement due to the national emergency declared by the President as the result

of the outbreak of Coronavirus Disease 2019 (COVID-19).  *See* Memorandum from the Attorney General to the Director of Bureau of Prisons, dated Apr. 3, 2020, https://www.justice.gov/file/1266661/download  (last accessed September 1, 2020).  The BOP has authority under 18 U.S.C. § 3623(c)(2) and 34 U.S.C. § 60541 to effectuate the Attorney General's instruction.  While section 12003(b)(2) of the CARES Act allows the BOP to extend the amount of time prisoners may serve in home confinement, it does not extend to the District Court the authority to make such an order.  *See Allen,* 2020 WL 2199626. *1; *United States v. Daniels*, 2020 WL 1938973, *2 (N.D. Ala. Apr. 22, 2020). The Court concludes that "under the CARES Act, the BOP, through the Attorney General's delegation, retains the "exclusive authority and sole discretion to designate the place of an inmate's confinement," including home confinement."  *Id.*  Thus, this Court has no authority to order the BOP to change the Defendant's current place of incarceration.

Accordingly, for the reasons as stated, it is

ORDERED that the Defendant's motion (doc. 27) is DENIED.

DONE this 1st day of September, 2020.

                                          /s/ Emily C. Marks  
                                          EMILY C. MARKS  
                                          CHIEF UNITED STATES DISTRICT JUDGE